**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TERENCE NASHAWN GLENN,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, et al.,<br><br>Defendants. | Civil Action No. 26-CV-14426-AK |

**MEMORANDUM AND ORDER**

**KELLEY, D.J.**

Terence Nashawn Glenn has filed a *pro se* Complaint against Google LLC ("Google") Apple Inc. ("Apple"), Meta Platforms, Inc. ("Meta"), Microsoft Corporation ("Microsoft"), Tyler Technologies, Inc. ("Tyler Technologies"), and Green Dot Corporation[1] (collectively "Defendants") claiming that they violated the Americans with Disabilities Act ("ADA"), engaged in unfair and deceptive trade practices, and interfered with his business. Glenn has also filed a Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 2] and a Motion for a Temporary Restraining Order and a Preliminary Injunction [Dkt. 4]. For the reasons stated below, the Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**, the Motion for a Temporary Restraining Order and a Preliminary Injunction is **DENIED**, and Glenn is directed to show cause why this action should not be dismissed for failure to state a claim upon which relief may be granted.

[1] Green Dot is not included in the recitation of the parties, [id. ¶¶ 5-11] or mentioned anywhere else in the complaint.

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Glenn's Motion for Leave to Proceed *In Forma Pauperis*, the Court finds that he is eligible to proceed without prepayment of the filing fee. Accordingly, the Court **GRANTS** the Motion.

## II. REVIEW OF THE COMPLAINT

Because Glenn is proceeding *in forma pauperis*, his complaint is subject to review by the Court before requiring Defendants to respond. The Court may dismiss the action if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes Glenn's complaint because he is representing himself. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

### A. Glenn's Allegations

Glenn represents that he is "a disabled operator managing severe, mathematically verified physical and cognitive priorities," including Crohn's Disease and a traumatic brain injury. [Dkt. 1 ¶ 5. He also represents that he is the "Lead Architect and CEO of Integrity Oxygen [H]oldings LLC." [Id. ¶ 6].

Glenn states "[t]his action arises from a catastrophic, synchronized, and ongoing exclusion of a disabled individual from the modern commercial matrix and the state judicial system." [Id. ¶ 12]. Glenn alleges that, in June 2026, he was "subjected to an abrupt, synchronized digital lockout across Google, Apple, Meta, and Microsoft." [Id. ¶ 19]. Glenn further claims that "[t]his digital severance actively intersected with and severely disrupted the Plaintiff's ongoing state housing court dates." [Id. ¶ 21]. According to Glenn, "this lockout directly paralyzed the commercial operations of Integrity Oxygen Holdings LLC," and that

"simultaneously," Tyler Technologies "introduced account blocks into the Odyssey File & Serve application." [Id. ¶¶ 22, 23].[2] Glenn alleges that "[t]his combined matrix effectively barred a disabled pro se litigant from the legal and commercial systems necessary to protect his life." [Id. ¶ 24].

Glenn asserts that Defendants are a "Tech Syndicate" and "maintain vast digital public accommodations." [Id. ¶ 13]. He claims that "[b]y executing a near-simultaneous lockout across four eco systems, they enacted an algorithmic cascade blocking cloud-stored legal files and communication," and that "[t]his containment operations [sic] as an insurmountable barrier to commerce under Title III of the ADA." [Id. ¶¶ 13-14].

Glenn brings five claims. Count I is a claim against all Defendants under Title III of the Americans with Disabilities Act ("ADA"), in which Glenn claims that Defendants "denied a disabled operator equal access to digital public accommodations." [Id. ¶ 25]. In Count II, Glenn seeks relief for "Unfair and Deceptive Trade Practices" against all Defendants, alleging that "[t]he platform execution of sudden identity terminations lacks transparency and review paths. [Id. ¶ 26]. Count III is a claim for "Common Law Tortious Interference" in which Glenn claims that "[a]utomated severance fractured prospective business advantages for Integrity OXYGEN Holdings LLC." [Id. ¶ 27]. Count III does not specify which Defendants it is brought against. [Id.]. In Count IV, Glenn brings a claim under the ADA, against Tyler Technologies, claiming that "[u]nyielding software blocks in Odyssey File & Serve fail to accommodate a disabled pro se litigant." [Id. ¶ 28]. Count V is a claim under Section 504 of the Rehabilitation Act, against Tyler Technologies, which alleges "[e]ngineering systemic software barriers to court access

[2] Glenn represents that Tyler Technologies "operated the proprietary Odyssey File & Serve digital infrastructure under exclusive contract with the Massachusetts Judicial E-Filing Administration." [Id. ¶ 11].

violated the 5th and 14th Amendments." [Id. ¶ 29].

In addition to damages, Glenn seeks "[p]ermanent injunctive relief restoring digital equity," a "[m]andatory Judicial Access Order to clear Tyler Tech software blocks" and a "Forensic Metadata Disclosure Order for algorithmic audit logs." [Id. at 11].

**B. Discussion**

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement of the claim must provide a defendant with "fair notice" of the claim and "the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015) (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)).

In determining whether the complaint provides a defendant adequate notice of the plaintiff's claim and shows that a plaintiff is entitled to relief, courts only considers "well-pleaded" factual allegations. In other words, allegations that consist merely of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. Twombly, 550 U.S. at 555. Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. A complaint must "contain sufficient factual matter, accepted as true" which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "Dismissal for failure to state a claim

is appropriate if the complaint does not set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Lister v. Bank of Am., N.A., 790 F.3d 20, 23 (1st Cir. 2015) (quoting Lemelson v. U.S. Bank Nat'l Ass'n, 721 F.3d 18, 21 (1st Cir. 2013)).

Here, Glenn's complaint does not contain a "short and plain" statement of his claim. The complaint does not clearly set forth the basic facts of the case, and Defendants cannot be expected to respond to this pleading. Stripped of the conclusory and vague verbiage, the complaint appears to allege that Glenn was simultaneously locked out of Google, Apple, Meta, and Microsoft, which contributed to or was compounded by "software friction" interfering with his ability to access the e-filing system of the Massachusetts Court. These allegations do not plausibly plead that Defendants are liable to Glenn under any cognizable legal theory.

In particular, Glenn's allegations concerning disability discrimination do not allege facts which, treated as true, show that Defendants deprived him of the "full and equal enjoyment" of a "place of public accommodation" "on the basis of [his] disability." 42 U.S.C. § 12182(a)[3]; see also Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 93-94 (1st Cir. 2000) ("To recover under . . . Title III of the ADA, the aggrieved party must be able to show that he or she was denied some benefit on account of a disability or an association with a disabled person."). For example, Glenn alleges a loss of "equal access to digital public accommodations" [Dkt. 1 ¶ 25], but he does not allege any connection between his disability and his inability to

[3] For the purpose of this discussion, the Court assumes, without deciding, that Defendants' digital platforms are places of "public accommodation" within the meaning of Title III of the ADA. See Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Ass'n of New England, Inc., 37 F.3d 12, 19 (1st Cir. 1994) (concluding that, for purposes of the ADA, a "public accommodation" is not limited to "actual physical structures"); Nat'l Ass'n of the Deaf v. Netflix, Inc., 869 F. Supp. 2d 196, 201-02 (D. Mass. 2012) (holding that company's video streaming website was a place of public accommodation).

have "equal access" to a public accommodation. Glenn claims that Defendants' conduct resulted in the "exclusion of a disabled individual from the modern commercial matrix and the state judicial system," [id. ¶ 12], but he does not allege any facts suggesting that said exclusion was because of his disability. Similarly, Glenn claims that "software blocks in Odyssey File & Serve fail to accommodate a disabled pro se litigant," [id. ¶ 28], but he does not identify what accommodation was necessary to permit him to have the same access to Odyssey File & Serve as someone who is not disabled.

## III. MOTION FOR INJUNCTIVE RELIEF

. In his Motion for a Temporary Restraining Order and a Preliminary Injunction, Glenn asks this Court for the "immediate issuance" of a temporary restraining order and preliminary injunction against the "Tech Syndicate Defendants and Green Dot Corporation." [Dkt. 4 at 2]. Glenn alleges that he is "currently facing a catastrophic synchronized algorithmic lockout access across four separate digital ecosystems (Google, Apple, Meta, Microsoft), and immediate financial account freeze by Green Dot Corporation, and active software-driven exclusion from the state judicial electronic filing infrastructure managed by Defendant Tyler Technologies, Inc." [Id. at 2]. Glenn further alleges that "[t]his synchronized digital containment functions as an absolute, unconstitutional barrier to commerce and to federal justice" and "completely isolates a disabled operator from his globally registered intellectual property, vital operational capital, and active litigation perimeters." [Id.]. Glenn asserts that "[i]mmediate judicial intervention is required to dissolve this artificial friction before irreparable procedural and structural defaults occur." [Id.].

Glenn asks that the Court (1) compel Google, Apple, Meta, and Microsoft "to execute an immediate manual administrative override to unlock all professional accounts" and cloud

profiles associated with Glenn; (2) compel Green Dot "to immediately dissolve the algorithmic freeze on Plaintiff's banking portals," (3) compel Tyler Technologies "to immediately eliminate all artificial software blocks within the Odyssey system obstructing Plaintiff's electronic filing access"; and (4) enjoin all Defendants "from executing any automated data purging, account deletions, or metadata modifications during the pendency of this litigation." [Id. at 4-5].

"A plaintiff requesting a preliminary injunction 'must establish' that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) the requested injunction is in the public interest. Calvary Chapel Belfast v. Univ. of Maine Sys., 180 F.4th 13, 25 (1st Cir. 2026) (quoting Doe v. Trump, 157 F.4th 36, 46 (1st Cir. 2025)). A "likelihood of success on the merits" of the underlying claim is "the sine qua non of the preliminary injunction analysis." Id. at 35.

Here, Glenn failed to show a likelihood on the success on the merits of his claim. As stated above, he has failed to state a claim upon which relief can be granted. Accordingly, his request for emergency injunctive relief must be denied.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the Motion for Leave to Proceed *In Forma Pauperis* and **DENIES** the Motion for a Temporary Restraining Order and Preliminary Injunction. The Court directs Glenn to show good cause, by filing an amended complaint, why this action should not be dismissed for failure to state a claim upon which relief can be granted. Failure to file an amended complaint within thirty (30) days will result in dismissal of this action without prejudice.

**SO ORDERED.**

Dated: October 2, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge